# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT G. HARRIS,

    Movant,

v.

    Case No: 8:16-cv-1600-T-30TBM
    Crim. Case No: 8:12-cr-80-T-30TBM

USA,

    Respondent.

## **ORDER**

THIS CAUSE comes before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1), and Movant's Memorandum in support (Doc. 12). In his Motion, Movant argues that his armed career criminal sentence is unconstitutional because he lacks the predicate prior convictions. But because Movant admits he has three prior convictions for (1) aggravated assault, (2) robbery, and (3) robbery (Doc. 12, pp. 4–5), the Court concludes his Motion must be denied because the Eleventh Circuit has clarified that convictions for aggravated assault and robbery continue to qualify as Armed Career Criminal Act "violent felony" convictions after *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See United States v. Fritts*, 841 F.3d 937, 939–40 (11th Cir. 2016), *cert. denied*, 137 S.Ct. 2264 (2017) (holding, "[W]e must conclude that a Florida armed robbery conviction … qualifies as a violent felony under the ACCA's elements clause."); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (holding that a conviction for aggravated assault constitutes a "violent felony" under the ACCA's elements clause).

Accordingly, it is ORDERED AND ADJUDGED that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is DENIED.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

4. The Clerk is also directed to terminate as pending Doc. 90 in Petitioner criminal case, case number 8:12-cr-80-T-30TBM.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Movant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Movant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Movant has not made the requisite showing in these circumstances.

Finally, because Movant is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record